UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY REED JONES,<br><br>   Plaintiff,<br><br>  v.<br><br>M. DARDEN,<br><br>   Defendant. | Case No. 15-cv-02022-JSC<br><br>**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS AND FOR SUMMARY JUDGMENT; SCHEDULING FURTHER SUMMARY JUDGMENT MOTION**<br><br>Re: Dkt. No. 24 |

## INTRODUCTION

Plaintiff, a state prisoner, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against an employee at San Quentin State Prison ("San Quentin").[1] The Court reviewed the complaint under 28 U.S.C. § 1915A(a), and found Plaintiff's allegations that Defendant sexually harassed him and retaliated against him, when liberally construed, stated cognizable claims for relief. Defendant has filed a motion for judgment on the pleadings on the sexual harassment claim, and for summary judgment on both claims for lack of administrative exhaustion. Plaintiff has opposed the motion, and Defendant has filed a reply brief. For the reasons explained below, the motion is denied.

## BACKGROUND

Plaintiff alleges that in 2013 he witnessed Defendant M. Darden, a supervising cook at San Quentin, "putting her hands on her boss." (Complaint at 3.) Defendant told Plaintiff that she would have sexual relations with him if he lied on her behalf about the incident, but he refused.

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF. Nos. 4, 14.)

She left her employment at San Quentin for 11 months, and when she returned to work in January 2014, she stalked him and harassed him. She also told him that she knew that he was having sex with "that white bitch," and that she would get him fired from his prison job and "locked up." (*Id.*) On January 23, 2014, she falsely reported to prison authorities that Plaintiff threatened to kill her, which caused him to lose his prison job, be placed in administrative segregation pending an investigation, and miss a parole hearing. The Court found that such allegations, when liberally construed, supported claims for the violation of his Eighth Amendment rights based upon sexual harassment, and for retaliation for his refusal to lie on her behalf.

The California Department of Corrections and Rehabilitation ("CDCR") provides its inmates and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." 15 Cal. Code Regs. § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. *Id.* In order to exhaust available administrative remedies within this system, a prisoner must submit his complaint on CDCR Form 602 (referred to as a "602") and proceed through three levels of appeal: (1) first formal level appeal filed with one of the institution's appeal coordinators, (2) second formal level appeal filed with the institution head or designee, and (3) third formal level appeal filed with the CDCR director or designee. *Id.* § 3084.7. A decision at the third level satisfies the PLRA exhaustion requirement. *Woodford v. Ng*, 548 U.S. 81, 85-86, 94 (2006).

The parties agree that Plaintiff filed one administrative appeal regarding the claims raised here, which appeal was assigned log number SQ-14-0375. (Voong Decl. ¶ 6 & Ex. B (ECF No. 24.2); Complaint at 1-2; Opp. 4, 6 & Exh. C.) On the appeal form, Plaintiff alleged that when Defendant returned to San Quentin in January 2014, she told him, "I am going to fuck you over." (ECF No. 24.2 at 11.) He also alleged that Defendant stalked him, repeatedly solicited sex from him, and showed him her breast. (*Id.* at 11-12.) He attached to his appeal a prison form indicating that Defendant asserted on January 20, 2014, that Plaintiff had threatened her safety and because of that threat, Plaintiff was being placed in administrative segregation. (*Id.* at 14.) He also

2

attached another appeal form in which he stated that Defendant, when she came back to San Quentin in January 2014, told him that she was going to get him locked up and fired. (*Id.* at 17.)

The appeal bypassed the first level of administrative review and went to the second level review. (Rangel Decl. ¶¶ 14-15.) When he was interviewed by a San Quentin staff member, Plaintiff stated that he was "stalked and harassed by Defendant because he had spoken out against her in a previous staff on staff altercation." (ECF No. 24.2 at 9.) The appeal was partially granted at the second level of review insofar as prison officials were investigating Defendant's conduct. (*Id.*) Plaintiff then submitted his appeal to the third and final level of administrative review, where it was denied. (*Id.* at 7.)

## DISCUSSION

### I. Judgment on the Pleadings

Defendant moves for judgment on the pleadings on Plaintiff's claim that she sexually harassed him. The Court concludes that this claim, when liberally construed, is cognizable under Section 1983 because it implicates his Eighth Amendment right to be free from cruel and unusual punishment.

#### A. Standard

Under Rule 12(c), a party may move for "judgment on the pleadings" after the pleadings are closed. The difference between a motion under Rule 12(c) and motion under Rule 12(b)(6) is the time of filing, but they are otherwise functionally identical. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188 (9th Cir. 1989). To obtain judgment on the pleadings, the moving party must clearly establish that the pleadings cannot raise a triable issue of fact, and that judgment as a matter of law should be entered. *Hal Roach Studios, Inc., v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). When a defendant moves for judgment on the pleadings, the court must take all allegations in the complaint as true. *Stanley v. Trustees of the California State University*, 433 F.3d 1129, 1133 (9th Cir. 2006).

#### B. Analysis

A prisoner may state an Eighth Amendment claim under Section 1983 for sexual harassment if the alleged sexual harassment was sufficiently harmful, i.e., a departure from "the

3

1  evolving standards of decency that mark the progress of a maturing society," and the defendant
2  acted with intent to harm the prisoner. *See Thomas v. District of Columbia*, 887 F. Supp. 1, 3-4
3  (D.D.C. 1995) (citing *Hudson v. McMillian*, 503 U.S. 1, 6, 8 (1992)) (internal quotations and
4  citation omitted). Sexual assault, coercion and harassment certainly may violate contemporary
5  standards of decency and cause physical and psychological harm, *see Jordan v. Gardner*, 986 F.2d
6  1521, 1525-31 (9th Cir. 1993) (en banc). A prisoner must establish that the alleged sexual
7  harassment was egregious, pervasive and/or widespread in order to state a claim under the Eighth
8  Amendment. *See, e.g., Jordan*, 986 F.2d at 1525-31 (9th Cir. 1993) (prison policy requiring male
9  guards to conduct body searches on female prisoners); *Watson v. Jones*, 980 F.2d 1165, 1165-66
10 (8th Cir. 1992) (correctional officer sexually harassed two inmates on almost daily basis for two
11 months by conducting deliberate examination of genitalia and anus). Plaintiff's allegations about
12 Defendant persistently soliciting sex with him and stalking him, and threatening to retaliate
13 against him, if accepted as true, can be reasonably viewed as sufficiently pervasive and egregious
14 as to amount to a violation of the Eighth Amendment.

15 Defendant argues that she is entitled to judgment on the pleadings because there is no
16 allegation of touching or physical assault. According to Defendant, the Ninth Circuit has
17 established a rule that sexual harassment of a prisoner must include a physical component to
18 violate the Eighth Amendment. Defendant does not, however, cite a Ninth Circuit decision setting
19 forth such a rule. Rather, she cites the decision of a district court stating that the Ninth Circuit has
20 held that the Eighth Amendment is violated when sexual harassment involves physical assault in
21 addition to verbal abuse. *Minifield v. Butikover*, 298 F.Supp.2d 900, 904 (N.D. Cal. 2004), citing
22 *Shwenk v. Hartford*, 204 F.3d 1187, 1198 (9th Cir. 2000) (holding that same-sex sexual
23 harassment that included a physical assault violates the Eighth Amendment). Finding an Eighth
24 Amendment violation where there has been a physical component to the abuse is not the same as
25 requiring the physical component as an element of any viable Eighth Amendment claim based on
26 sexual harassment. Defendant correctly indicates that the Ninth Circuit has held that "the Eighth
27 Amendment's protections do not *necessarily* extend to mere verbal sexual harassment." *Austin v.*
28 *Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004) (emphasis added) (upholding summary judgment

4

dismissal of Eighth Amendment claim where prison guard exposed himself to prisoner in elevated, glass-enclosed control booth for no more than 30-40 seconds).  Holding that verbal sexual harassment does not "necessarily" violate the Eighth Amendment does not mean that it can never violate the Eighth Amendment.

Defendant cites two other decisions by the Ninth Circuit involving verbal sexual harassment by prison guards, but in those cases the court granted prison officials qualified immunity because at the time (1997) it was not "clearly established" that the verbal sexual harassment that occurred amounted to a violation of the Eighth Amendment. *See Blueford v. Prunty*, 108 F.3d 251, 254-55 (9th Cir. 1997) (guard allegedly engaged in "vulgar same-sex trash talk"); *Somers v. Thurman*, 109 F.3d 614 624 (9th Cir. 1997) (guards allegedly made improper statements about inmate while he showered).  T hat it was not "clearly established" in 1997 --- 16 years before the alleged harassment in this case --- that the type of verbal harassment in those cases was unconstitutional is not a rule that verbal sexual harassment can never be sufficient on its own to violate the Eighth Amendment.  Moreover, the alleged verbal harassment in this case included threats of retaliation, stalking, and solicitation of sexual activity which were not part of the sexual harassment in *Blueford* and *Somers*.

In the absence of authority that a prisoner must allege physical contact to state a valid Eighth Amendment claim based on sexual harassment, the Court cannot conclude that Plaintiff's allegations are insufficient as a matter of law simply because he did not allege that Defendant touched or physically assaulted him.  Judgment on the pleadings, therefore, is not proper on Plaintiff's Eighth Amendment claim.

## II.     **Exhaustion**

Defendant next argues that she is entitled to summary judgment on Plaintiff's claims because Plaintiff has not exhausted his administrative remedies.

### A.     Standard

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.  1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

5

available are exhausted." 42 U.S.C. 1997e(a). Compliance with the exhaustion requirement is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001). The administrative remedies need not meet federal standards, nor need they be "plain, speedy and effective." *Porter*, 534 U.S. at 524.

Exhaustion must ordinarily be decided in a summary judgment motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp.v. Cattrett*, 477 U.S. 317, 323 (1986). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. *Id.* If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id.* At summary judgment, the judge must view the evidence in the light most favorable to the nonmoving party: if evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact. *Tolan v. Cotton*, 134 S. Ct. 1861, 1865 (2014).

    B.    <u>Analysis</u>

        1.    <u>Retaliation claim</u>

Defendant argues that Plaintiff did not exhaust his administrative remedies regarding his retaliation claim because his administrative appeal only alleges Defendant's alleged sexual harassment of Plaintiff and not her retaliation against him. The PLRA requires compliance with the prison's grievance procedures to "properly exhaust." *Jones v. Bock*, 549 U.S. 199, 217-18 (2007). In California, an inmate's appeal must describe the "specific issue" and relief requested.

15 Cal. Code Regs. § 3084.2, 3084.3. An inmate must identify all involved staff members and state all "facts known and available to him/her." *Id.* § 3084.2(a); *see Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (same). A grievance need not include legal terminology or legal theories unless they are needed to provide notice of the harm being grieved. *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009). Nor must a grievance include every fact necessary to prove each element of an eventual legal claim. *Id*. The purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation. *Id.* The grievance should include sufficient information "to allow prison officials to take appropriate responsive measures." *Id.*

Defendant asserts that Plaintiff's appeal never mentions the facts relating to his retaliation claim, including that Defendant allegedly reported to prison officials that he threatened her life, causing him to be placed in administrative segregation and cancel his parole hearing. The documents attached to Plaintiff's administrative appeal allege that when Defendant returned to San Quentin in January 2014, Defendant told him that she was going to get him locked up and fired, that she reported to prison officials that he was harassing her and threatened her safety, and that as a consequence he was placed in administrative segregation. (ECF No. 24.2 at 14, 17.) The administrative appeal also indicates that Plaintiff informed staff that Defendant's actions were taken because he spoke up about a prior altercation that Defendant had with another staff member. (*Id.* at 9.) These allegations sufficiently match the allegations in the complaint regarding retaliation to alert prison officials that Plaintiff was complaining about Defendant's retaliatory actions as well as her harassment. Accordingly, Defendant has not established as a matter of law that Plaintiff has not satisfied the PLRA requirement to exhaust his retaliation claim.

2.    Eighth Amendment

Although Defendant concedes that Plaintiff included his sexual harassment allegations in his administrative appeal, Defendant nevertheless argues that his sexual harassment claim is not exhausted because the administrative appeal did not allege that Defendant touched or physically assaulted him. This argument is premised upon Defendant's argument, discussed above, that touching or physical assault is required for sexual harassment of a prisoner to violate the Eighth

7

Amendment.  The Court has rejected that argument.  Accordingly, Defendant's contention that Plaintiff's Eighth Amendment sexual harassment claim is not exhausted fails.

## CONCLUSION

For the foregoing reasons, Defendant's motion for judgment on the pleadings or for summary judgment is DENIED.  Defendant may file a further motion for summary judgment no later than **63** days from the date this order is issued.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If Defendant does not believe this case can be resolved by further summary judgment motion, she shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

At the time the dispositive motion is served, Defendant shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendant no later than **28** days from the date the motion is filed.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

Defendant shall file a reply brief no later than **14** days after the opposition is filed.

The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

**IT IS SO ORDERED.**

Dated: September 2, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.